Opinion filed January 13,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                 Nos. 11-10-00241-CR, 11-10-00242-CR, &
11-10-00243-CR 

                                                    __________

 

 JAYSON WAYNE GRUMBLES
A/K/A JAYSON GRUMBLES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                              Trial Court Cause Nos.
CR13391, CR13392, & CR13393

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Jayson
Wayne Grumbles pleaded guilty to the offenses of unauthorized use of a vehicle,
burglary of a building, and harassment by a person in a correctional facility
and true to the enhancement allegations.  In each case, the trial court
assessed appellant’s punishment, in accordance with the terms of the plea
bargain agreement, at confinement for ten years and a $1,000 fine with the
sentences to run concurrently.  We dismiss these appeals.

            The
trial court certified that these were plea bargain cases in which appellant
waived his right of appeal and that appellant had no right of appeal.  See
Tex. R. App. P. 25.2(a)(2), (d). 
Upon receiving the trial court’s certifications, the clerk of this court wrote
appellant’s attorney and requested a response showing grounds to continue these
appeals.  Appellant responded, indicating that the trial court’s certifications
are defective because appellant had filed pretrial motions that are reviewable
on appeal.  We continued the appeals based upon appellant’s response.  However,
the clerk’s records have now been filed in this court and reveal that the
certifications are not defective.  

            The
clerk’s records reflect that appellant entered into a plea bargain agreement in
which the State agreed to dismiss another case that was pending against
appellant and to recommend a concurrent ten-year sentence and a $1,000 fine in
the three cases at issue in these appeals.  In exchange, appellant agreed to
plead guilty, to waive any pretrial motions that had been asserted, and to
waive any right to appeal.  The records show that the punishment assessed by
the trial court did not exceed the punishment recommended by the prosecutor and
agreed to by appellant.  In each case, the trial court’s certification is
supported by the record and is not defective.  See Dears v. State, 154
S.W.3d 610 (Tex. Crim. App. 2005).  These certifications reflect that appellant
has no right to appeal.  Because appellant’s appeals are prohibited by Rule
25.2, we must dismiss them without further action.  Rule 25.2(d); Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).  

            Accordingly,
the appeals are dismissed.

 

                                                                                                PER
CURIAM

 

January 13, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.